UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HERMAN LEE BARTON JR,

    Plaintiff,

  v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 2:17-CV-00609-DWC

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Herman Lee Barton Jr., proceeding *pro se* and *in forma pauperis*, filed this action, seeking to increase the supplemental security income ("SSI") he receives from the Social Security Administration ("SSA"). Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Dkt. 17, 21. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 14.

1   The Court concludes Plaintiff failed to exhaust his administrative remedies, has not shown judicial waiver of exhaustion is appropriate, and did not present a colorable constitutional claim. Accordingly, the Court grants Defendant's Motion to Dismiss without prejudice.

## BACKGROUND

Plaintiff filed this case against Defendant, asking the Court to order Defendant to increase his SSI payments to $1,775 per month. Dkt. 7, 10, 23. Plaintiff maintains he is unable to meet his "daily needs" on the SSI he currently receives, and such, he should receive a "cost of living" increase. Dkt. 10, p. 4; Dkt. 23, p. 1. Defendant thereafter filed the present Motion to Dismiss, asserting the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 17, 21. In particular, Defendant maintains Plaintiff's action should be dismissed because Plaintiff failed to (1) exhaust his administrative remedies, and (2) present a colorable constitutional claim.[1] *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for the dismissal of a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12. The court must dismiss a complaint under Rule 12(b)(1) if, viewing the factual allegations in the light most favorable to the plaintiff, the underlying action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see also* 28 U.S.C. § 1331 (federal question jurisdiction).

---

[1] After finding both parties submitted unsigned and improperly signed documents to the Court in this matter, the Court directed the parties to correct and resubmit these documents. Dkt. 20. Both parties thereafter submitted properly signed versions of these documents. *See* Dkt. 7, 21, 23.

1       When considering a Rule 12(b)(1) motion to dismiss, the court "may review any
2 evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence
3 of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 2008) (citations
4 omitted), *cert. denied* 489 U.S. 1052 (1989). Federal courts are courts of limited jurisdiction, and
5 are presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v.*
6 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, the
7 plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Id.*

## DISCUSSION

9       With regard to social security benefits, a plaintiff must obtain a "final judgment" from the
10 Commissioner of Social Security ("Commissioner") prior to seeking judicial review in federal
11 district court. *Johnson v. Shalala*, 2 F.3d 918, 920-21 (9th Cir. 1993); *see also* 42 U.S.C. §
12 405(g). If a plaintiff does not obtain a final judgment prior to seeking judicial review, he has
13 failed to exhaust his administrative remedies and the court lacks subject matter jurisdiction over
14 the case. *See e.g.*, *Holcomb v. Colvin*, 2014 WL 51148, at *2 (W.D. Wash. Jan. 7, 2014). An
15 exception to this general rule, however, allows the court to exercise judicial review if the
16 plaintiff presents a colorable constitutional claim of a due process violation. *Califano v. Sanders*,
17 430 U.S. 99, 108-09 (1977); *Dexter v. Colvin*, 731 F.3d 977, 980-81 (9th Cir. 2013) (citations
18 omitted).

19   A. <u>Presentment and Exhaustion</u>

20       Defendant first argues this action should be dismissed because Plaintiff failed to exhaust
21 administrative remedies prior to seeking judicial review. Dkt. 17, p. 2.

22       Generally, a social security claimant must obtain a "final judgment" from the
23 Commissioner prior to seeking judicial review. *Johnson*, 2 F.3d at 920-21; *see also* 42 U.S.C. §

1  405(g). A final judgment consists of two elements: "the presentment of a claim to the
2  [Commissioner] and the exhaustion of administrative remedies." *Johnson*, 2 F.3d at 921; *see also*
3  *Mathews v. Eldridge*, 424 U.S. 319, 328 (1975). To satisfy the presentment requirement, a
4  plaintiff must present his claim to the Commissioner "in the manner prescribed by the
5  Commissioner." *See Holcomb*, 2014 WL 51148, at *3. The presentment requirement is
6  jurisdictional and cannot be waived by the Commissioner or the courts. *Johnson*, 2 F.3d at 921;
7  *see also Mathews*, 424 U.S. at 330. Further, to satisfy the exhaustion requirement, a plaintiff
8  usually must receive an "initial determination regarding entitlement to benefits, reconsideration
9  of that determination, a hearing before an [administrative law judge ("ALJ")], and review by the
10 Appeals Council of the ALJ's decision." *Id.* (citing 20 C.F.R. § 404.900(a); *Bass v. Soc. Sec.*
11 *Admin.*, 872 F.2d 832, 833 (1988)).

       Once a claimant begins receiving SSI benefits, the amount of his SSI payment is calculated based on formulas set forth in SSA regulations. *See* 20 C.F.R. §§ 404.204, 404.317. Additionally, the SSA may choose to give SSI recipients a cost-of-living increase. *See* 20 C.F.R. §§ 404.270–.278. When the SSA decides a cost-of-living increase is appropriate, it is typically given automatically in December to all SSI recipients, although it may also be given during other times of the year under certain circumstances.[2] *See* 20 C.F.R. §§ 404.270, 404.278. A cost-of-living increase is calculated based on formulas set by the SSA and various indexes. *See id.*

       In this case, even assuming Plaintiff has met the non-waivable presentment requirement, he has not shown he exhausted his administrative remedies. Plaintiff submitted evidence – *i.e.*, a

---

[2] A recipient's SSI payments may also increase based on evidence he submits to the SSA, such as evidence showing a "different date of birth or additional earnings . . . which would otherwise increase the amount of [his] benefits." *See* 20 C.F.R § 404.996; *see also* 20 C.F.R. §§ 404.280–.288. This type of increase is not at issue in this case, however, as Plaintiff requests a "cost of living" increase, not an increase based on his date of birth or additional earnings. *See* Dkt. 10, 23.

bank statement – showing he receives SSI deposits. Dkt. 23, p. 2-4. Nevertheless, Plaintiff does not allege Defendant improperly calculated his SSI payments based on the regulatory formulas, and there is no evidence showing such. There is also no evidence showing Defendant owed Plaintiff a cost-of-living increase and failed to give it to him. Furthermore, Defendant has put forth evidence asserting "there has been no Administrative Law Judge decision or Appeals Council action involving this claimant" as of September 21, 2017. Dkt. 21-1, pp. 2-3 (Chung Decl.). Thus, because cost-of-living increases are given to all recipients as deemed appropriate – and are not something Plaintiff may apply for – and Plaintiff has otherwise not received a final decision from Defendant on this matter, Plaintiff failed to exhaust his administrative remedies.[3] *See Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (plaintiff failed to exhaust administrative remedies where "there was no hearing or 'final decision' by the Commissioner").

Even if a plaintiff has not exhausted his remedies, the court may waive a plaintiff's exhaustion requirement under certain circumstances. Unlike the non-waivable presentment requirement, the exhaustion requirement may be waived by either the Commissioner or the courts. *Johnson*, 2 F.3d at 921 (citing *Mathews*, 424 U.S. at 330). The Ninth Circuit has adopted a three-part test to determine whether a court should exercise judicial waiver of the exhaustion requirement in a particular case. *Id.* (citations omitted). To merit judicial waiver, plaintiff's claim must be "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose

---

[3] Plaintiff asserts that after he received Defendant's Motion to Dismiss, he went to the SSA office in Bellingham, Washington to exhaust his administrative remedies, but an SSA employee told him that she could not help him. Dkt. 23-1, 23-2. While the Court acknowledges Plaintiff's efforts, the Court notes the SSA employee was likely unable to help Plaintiff because (as explained above) 1) his benefits are already set based on formulas, and 2) cost-of-living increases are an agency-wide decision and do not come from an individual employee.

resolution would not serve the purposes of exhaustion (futility)." *Id.* (citing *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir. 1989).

In this case, Defendant clearly opposes waiver of administrative exhaustion. Dkt. 17. Furthermore, Plaintiff has not shown that judicial waiver of exhaustion is appropriate.[4] Regarding the first element of judicial waiver, Plaintiff's claim is not collateral to the substantive claim of entitlement. A claim is collateral if it is "not essentially a claim for benefits." *Johnson*, 2 F.3d at 921 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1985)). Here, Plaintiff is requesting the Court order Defendant to increase the amount of benefits he receives. Dkt. 10, pp. 3-4. This is essentially a claim for benefits. *See Kildare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003) (finding claims collateral where they were "inextricably intertwined" with their underlying claims for benefits). Thus, viewing the factual allegations in a light most favorable to Plaintiff, his claim is not collateral to the underlying claim of entitlement.

Second, although Plaintiff's claim is not collateral, he has shown denial of relief would likely cause irreparable harm. A "colorable" showing of irreparable harm is "one that is not wholly insubstantial, immaterial, or frivolous." *Briggs*, 886 F.2d at 1140 (citations and internal quotations omitted). Generally, irreparable harm exists where the alleged injury "could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." *Heckler v. Ringer*, 466 U.S. 602, 618 (1984) (citing *Mathews*, 424 U.S. at 330-32). The Ninth Circuit has found such irreparable harm exists where the plaintiffs "adequately allege economic hardship," such as reliance on "food stamps, lack of medical insurance, and homelessness." *Kildare*, 325 F.3d at 1083.

---

[4] Plaintiff did not explicitly request judicial waiver of administrative exhaustion in his pleadings. *See* Dkt. 10, 23. Nonetheless, even if Plaintiff sought judicial waiver, his case does not meet the requirements necessary to merit judicial waiver, as discussed in this Order.

Here, Plaintiff maintains he is unable to meet his "daily needs" on his current SSI payments. Dkt. 23, p. 1; *see also* Dkt. 10, p. 2. He asserts he cannot afford rent and must "stand on the street with a sign [and] panhandle." Dkt. 23, p. 1. Viewing the factual allegations in a light most favorable to Plaintiff, he has sufficiently shown that denial of judicial relief would cause irreparable harm. *See Kildare*, 325 F.3d at 1083.

Nevertheless, Plaintiff's claim does not meet the third element necessary for judicial waiver of exhaustion, as having his claim decided by the agency would serve the purposes of exhaustion. This element "allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations. The requirement also conserves judicial resources." *Johnson*, 2 F.3d at 922. Generally, a plaintiff meets this element when a "detailed factual record" or "agency expertise" would not assist the court in resolving the plaintiff's claim. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (citing *City of New York*, 476 U.S. at 485); *see also Briggs*, 886 F.2d 1132 (finding agency resolution of a case futile where the plaintiffs presented a "straightforward statutory and constitutional challenge").

Plaintiff has presented the type of case that would benefit from both a detailed factual record and agency expertise. Notably, the Court's record in this case is scarce; the record lacks information on why Plaintiff is entitled to benefits (*i.e.*, whether he receives benefits based on age, disability, survivorship, or blindness). Additionally, the amount of SSI an individual receives is dependent on various formulas that the Commissioner is better suited to resolve than the Court. *See e.g.*, 20 C.F.R. §§ 404.204, 404.317 (describing how benefits are calculated). This is particularly true for cost-of-living increases, which also depend on particular formulas and indexes that the Commissioner applies to all recipients. *See* 20 C.F.R. §§ 404.270–.278. Hence, viewing the factual allegations in a light most favorable to Plaintiff, this is a case in which

agency resolution would serve the purposes of exhaustion due to the Court's bare record and the complexity of the relevant regulations.

In sum, Plaintiff failed to exhaust his administrative remedies and he has not shown judicial waiver is appropriate. Therefore, the Court denies judicial waiver of administrative exhaustion under these circumstances.

B. Constitutional Claim

Defendant next argues Plaintiff failed to show a colorable constitutional claim. Dkt. 17, p. 3.

Even if a plaintiff has not exhausted his administrative remedies, the court may nevertheless grant judicial review if a plaintiff presents a "colorable constitutional claim." *Subia*, 264 F.3d at 902. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sanders*, 430 U.S. at 109. A colorable constitutional claim is one that is not immaterial, insubstantial, or frivolous, but rather one that alleges "facts sufficient to state a violation of substantive or procedural due process." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). For this exception to apply, a plaintiff must present a "colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (citation omitted).

In this case, Plaintiff asserts Defendant should increase his benefits so he can better meet his daily needs. Dkt. 10, 23. He does not, however, allege that Defendant has deprived him of his opportunity to be heard or seek reconsideration on this matter. *See id.* He also does not allege he has been deprived of his actual benefits. *See Mathews*, 424 U.S. at 332-33 (holding there is a

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS - 8

statutorily created property interest in the continued receipt of benefits). Therefore, Plaintiff has not asserted a colorable constitutional claim in this case.

## CONCLUSION

Based on the above stated reasons, the Court hereby finds Plaintiff failed to exhaust administrative remedies, judicial waiver of exhaustion is not appropriate, and Plaintiff has not presented a colorable constitutional claim. Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted.

Dated this 15th day of November, 2017.

_____
David W. Christel
United States Magistrate Judge